IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHALED SHABANI,

                                                                             OPINION AND ORDER

                Plaintiff,

                                                                        19-cv-65-bbc

      v.

CITY OF MADISON, MICHAEL KOVAL, JENNIFER
KRUGER FAVOUR, POLICE AND FIRE COMMISSION,
CITY OF MADISON POLICE DEPARTMENT, DAMION
FIGUEROA, KEVIN COSTIN, HAMP JOHNSON, JESSICA
SOSKA, JEFF PHARO, JASON SWEENY, SGT. BAKER,
SGT. BERKOVITZ, CAPT. FREEDMAN, PROFESSIONAL
STANDARDS AND INTERNAL AFFAIRS UNIT,
KRAIG KALKA and KENNETH BROWN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary and injunctive relief, pro se plaintiff Khaled Shabani alleges that various individuals and entities in the City of Madison, Wisconsin violated his constitutional rights by harassing him and his daughter in numerous ways. Because plaintiff is proceeding without prepayment of the filing fee, his complaint must be screened under 28 U.S.C. § 1915(e) to determine whether his complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief.

In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed plaintiff's complaint under this standard, I conclude that it violates Rule 8 of the Federal

1

Rules of Civil Procedure because it fails to provide sufficient information for this court to determine whether (1) subject matter jurisdiction exists or (2) whether plaintiff would be entitled to any relief against any of the named defendants. Although I am dismissing the complaint, I will give plaintiff an opportunity to file an amended complaint that explains his claims more clearly.

OPINION

Plaintiff broadly asserts that various members of the City of Madison police department violated his civil rights by harassing and assaulting him on numerous occasions. He devotes more than a page of his complaint to general allegations that government officials (including police officers and judges) are out to get him and have entered his apartment without permission to install hidden cameras, threatened him with racketeering charges, caused his ex-wife to divorce him, turned his hair salon clients against him, tried to poison him and offered him drugs. With respect to a few specific incidents, plaintiff alleges that: (1) defendant Police Chief Michael Koval ordered his officers to beat plaintiff's daughter on October 21, 2015; (2) on March 22, 2018, defendants Koval, Kevin Costin and Hemp Johnson, along with other police officers, organized an attack on plaintiff outside a restaurant or bar on State Street in Madison, during which an undercover officer beat him and broke his left hand; (3) defendant Officer Damion Figueron falsely arrested him for an incident that occurred while plaintiff was giving someone a haircut on December 22, 2017; (4) defendant Officer John Sweeny failed to arrest or remove a man who was harassing

plaintiff at Ruby's Salon on November 1, 2018; and (5) defendants Kenneth Brown and Kraig Kalka pretended they were going to arrest him in front of his shop.

It is difficult to ascertain the exact nature of plaintiff's claims because he has not provided enough information about what happened, who was involved or how his constitutional rights were violated in each instance. Under federal pleading rules, "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." Bank of America, N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013). Further, a defendant cannot be held liable for a constitutional violation unless he or she was personally involved in the alleged conduct. Kuhn v. Goodlow, 678 F.3d 552, 555-56 (7th Cir. 2012).

Although some of plaintiff's allegations implicate his constitutional rights, other allegations do not implicate any federal claim over which this court has jurisdiction. For example, plaintiff lacks standing to pursue a claim on behalf of someone else, like his daughter. In addition, this court does not have the authority to order the police to conduct an investigation or prosecute an individual. Such decisions are left up to the discretion of local law enforcement.

Plaintiff also has named several entities and individuals who cannot be sued in this court. The City of Madison Police Department, the Police and Fire Commission and the Professional Standards and Internal Affairs Unit are city agencies or departments that cannot be sued under § 1983 separately from the City of Madison. Best v. City of Portland, 554 F.3d 698 (7th Cir. 2009); Chan v. Wodnicki, 123 F.3d 1005, 1007 (7th Cir. 1997). To hold the City of Madison liable, plaintiff must allege facts that show that a city-wide

policy, custom or widespread practice caused the constitutional violation in question. Dixon v. County of Cook, 819 F.3d 343, 348 (7th Cir. 2016); Palmer v. Marion County, 327 F.3d 588, 595 (7th Cir. 2003). Plaintiff's allegations that certain police officers treated him adversely on a few occasions are not sufficient to state such a claim.

Plaintiff's allegations against state court judges fail because under both federal and state law, judges are entitled to absolute judicial immunity when they are sued for decisions made in their official capacity. In other words, judges cannot be sued for acts taken in their capacity as judges, such as issuing a warrant. Mireles v. Waco, 502 U.S. 9, 11 (1991); Abdella v. Catlin, 79 Wis. 2d 270, 279, 255 N.W.2d 516 (1977). Moreover, this court does not have authority to review the decision of a state court judge. Under the Rooker-Feldman doctrine, a party "complaining of an injury caused by [a] state-court judgment" cannot seek redress in a lower federal court. Exxon Mobil Corp. v. Saudi Industries Corp., 544 U.S. 280, 291-92 (2005); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). Rather, litigants who feel that a state court proceeding has violated their rights must appeal that decision through the state court system and then, if appropriate, to the United States Supreme Court. Golden v. Helen Sigman & Associates, Ltd., 611 F.3d 356, 361-62 (7th Cir. 2010). Therefore, if plaintiff wants to challenge the decision of a state court judge, he must do so in state court.

Finally, a review of court records available online shows that plaintiff already may be challenging some of the above alleged conduct by certain police officers in state court. He should be aware that the doctrine of claim preclusion or res judicata prevents a plaintiff from

4

filing multiple lawsuits about the same injury, Okoro v. Bohman, 164 F.3d 1059, 1062 (7th Cir. 1999), and the doctrine of issue preclusion bars relitigation of issues that have been litigated and decided in a previous action, Allen v. McCurry, 449 U.S. 90, 96 (1980); Stephan v. Rocky Mountain Chocolate Factory, Inc., 136 F.3d 1134, 1136 (7th Cir.1998). In addition, there is a common law rule that prohibits double recovery for the same injury. General Telephone Co. of the Northwest, Inc. v. EEOC, 446 U.S. 318, 333 (1980); EEOC v. International Profit Associates, Inc., No. 01 C 4427, 2008 WL 485130, at *2 (N.D. Ill. Feb. 22, 2008).

Because plaintiff's complaint is so incoherent or vague that the court cannot determine whether subject matter jurisdiction exists or whether the complaint states a claim for relief, I will give him an opportunity to file an amended complaint that clarifies his claims, keeping in mind the considerations I have mentioned. Plaintiff should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation. This means he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. As part of his pleading, he also must identify any part of the disputed matter that was presented to any state court, which court(s) and the outcome. He should take care to identify each defendant and the specific actions taken by each defendant whom he believes violated his rights. Plaintiff should also make clear whether each defendant is a governmental employee or not. Finally, plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he

5

finishes drafting a complaint, he should further review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

Plaintiff may have until March 26, 2019 to provide an amended complaint. If plaintiff does not file an amended complaint by that date, the court will dismiss and close this case.

ORDER

IT IS ORDERED that plaintiff Khaled Shabani's complaint is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until March 26, 2019 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by March 26, the clerk of court is directed to close this case.

Entered this 6th day of March, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge