IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHALED SHABANI,

                OPINION AND ORDER

        Plaintiff,

                19-cv-65-bbc

   v.

CITY OF MADISON, MICHAEL KOVAL,
DAMION FIGUEROA, KEVIN COSTIN
and HAMP JOHNSON,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Khaled Shabani is proceeding on First and Fourth Amendment claims against the City of Madison and several police officers. Before the court are (1) plaintiff's statement regarding additional retaliation by defendant Michael Koval, the chief of police; and (2) plaintiff's motion for court assistance in recruiting counsel to represent him. Dkt. ##16 and 17. For the reasons below, the motions will be denied.

OPINION

A. <u>Allegations Against Koval</u>

      Plaintiff has submitted a brief statement in which he alleges that defendant Koval recently encouraged plaintiff's landlord to terminate the lease for plaintiff's hair salon on State Street in Madison, Wisconsin by raising the rent unfairly. Although plaintiff says the conduct is retaliation, he does not explain why he filed the statement with the court, and he does not ask for any particular relief. If plaintiff wants to include these allegations as an additional basis for his First Amendment claim against Koval, he should file a motion for

1

leave to file an amended complaint under Fed. R. Civ. P. 15(a)(2), along with a proposed amended complaint that clearly sets forth Koval's alleged conduct with respect to plaintiff's lease and explains why plaintiff believes that the conduct was retaliatory.

### B. Motion for Assistance in Recruiting Counsel

Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014). Rather, I only can assist in recruiting counsel who may be willing to serve without compensation. 28 U.S.C. § 1915(e)(1); Pruitt v. Mote, 503 F.3d 647, 653-54, 656 (7th Cir. 2007) (en banc) ("Section 1915(e)(1) thus codifies the court's discretionary authority to recruit a lawyer to represent an indigent civil litigant pro bono publico; it 'does not authorize the federal courts to make coercive appointments of counsel.'") (quoting Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296, 310 (1989)).

A party who wants assistance from the court in recruiting counsel must meet several requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford to hire his own lawyer. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). Finally, he must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. Perez v.

2

Fenoglio, 792 F.3d 768, 784 (7th Cir. 2015); Pruitt, 503 F.3d at 654-55.

Plaintiff has met the first requirement because the court has determined that he is indigent. With respect to the second requirement, plaintiff identifies three attorneys who denied his request for representation. However, to prove that a plaintiff has made reasonable efforts to find a lawyer, the court usually requires copies of the letters from the lawyers who denied plaintiff's request for representation, or alternatively, a sworn declaration that includes the date he sent the letters and a copy of the letters themselves. Plaintiff's conclusory and unsworn statement about receiving rejections from three lawyers does not meet this requirement. In any event, even if plaintiff can satisfy the second requirement, he has not provided any evidence to meet the third requirement.

Assessing the litigant's abilities to prosecute the case is a "practical" inquiry, Santiago, 599 F.3d at 762, and courts generally consider the litigant's "literacy, communication skills, educational level, and litigation experience" in light of the complexities of the case. Pruitt, 503 F.3d at 655. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff," but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." Id. Plaintiff has not explained why he is unable to litigate this case on his own, submitted any evidence showing that his mental abilities are limited in any respect or allege that he is unable to read, write, follow directions or understand basic legal concepts. In sum, he has not provided any reason from which I can conclude that his case is so complex or that his skills are so poor that I should recruit a lawyer for him at this time, and it is too early to make that determination in this case.

3

The Preliminary Pretrial Conference Order, dkt. #18, that was recently issued in this case provides extensive information about how plaintiff is to conduct discovery and obtain evidence. Plaintiff should review that order and, if he is confused about how to obtain evidence, he should write a letter to defendants' counsel explaining precisely which documents or other evidence he wants to obtain. If he is still confused after conferring with defendants' counsel, he should contact the court for help. In deciding any future motion for summary judgment, the court will apply the appropriate law to the facts, even if plaintiff cannot find and provide the law on his own or does not understand how the law applies to the facts of his case.

Finally, plaintiff should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year more than 300 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Only about 30 lawyers have the time, willingness and expertise in civil rights litigation to accept appointments and not all of them volunteer to handle one new case a year. Between 2016 and 2017, for example, the court was able to find only 17 volunteer lawyers to represent pro se litigants. In the past year, the court has had little success in finding counsel for a number of more complex cases, although the effort to do so is continuing. In the meantime, the claims of these litigants have been delayed significantly. Although the court is continually trying new approaches to recruiting counsel, there continue be many more litigants who want the help of counsel than there are counsel who can fill that need. For this reason, the

court must carefully consider each plaintiff's abilities and the complexities of the claim in determining whether to recruit counsel in any particular case.

Accordingly, I am denying plaintiff's motion without prejudice. If plaintiff is later able to show that he has made reasonable efforts to find a lawyer and the issues involved in this case turn out to be more complicated than they appear right now, he is free to renew his motion.

ORDER

IT IS ORDERED that plaintiff Khaled Shabani's motion for unspecified relief, dkt. #16, and motion for assistance in recruiting counsel, dkt. #17, are DENIED.

Entered this 8th day of August, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge