IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHALED SHABANI,

                                                                OPINION AND ORDER

                  Plaintiff,

                                                                   19-cv-65-bbc

    v.

CITY OF MADISON, MICHAEL KOVAL,
DAMION FIGUEROA, KEVIN COSTIN
and HAMP JOHNSON,

                                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Khaled Shabani is proceeding on (1) First Amendment claims that defendants City of Madison, Damion Figueroa, Kevin Costin, Hamp Johnson and Michael Koval retaliated against him in various ways for his filing of lawsuits and other complaints against members of the police department; (2) a Fourth Amendment claim that defendant Figueroa falsely arrested him for disorderly conduct on December 22, 2017; and (3) a Fourth Amendment claim that defendants Costin and Johnson failed to intervene to prevent an undercover officer's use of excessive force against plaintiff. Before the court is defendants' motion for summary judgment. Dkt. #27. Because plaintiff's false arrest claim is barred by the doctrine of claim preclusion and plaintiff has failed to produce any evidence to establish the key elements of any of his claims, I am granting the motion and entering judgment in favor of defendants.

      Although plaintiff filed a short brief in response to defendants' motion for summary judgment and made statements in response to some of defendants' proposed findings of fact, he did not file an affidavit, present any other admissible evidence or file any proposed

1

findings of fact of his own to support his claims. This court's summary judgment procedures, which were attached to the July 11, 2019 preliminary pretrial conference order entered in this case, dkt. #18, warn litigants that "[u]nless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed." Proc. to be Followed on Motions for Summ. Judg., § II.C. at p. 6. The procedures also instruct parties that "[a]ll facts necessary to sustain a party's position on a motion for summary judgment must be explicitly proposed as findings of fact," and "[t]he court will not search the record for factual evidence. Even if there is evidence in the record to support your position on summary judgment, if you do not propose a finding of fact with the proper citation, the court will not consider that evidence when deciding the motion. Your brief is the place to make your legal argument, not to restate the facts." Id. at p. 1.

The Court of Appeals for the Seventh Circuit "has routinely held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions." Abraham v. Washington Group International, Inc., 766 F.3d 735, 737 (7th Cir. 2014). See also Schmidt v. Eagle Waste & Recycling, Inc., 599 F.3d 626, 630-31 (7th Cir. 2010) (holding that the district court did not err when it deemed the defendant's proposed findings of fact admitted and refused to consider additional facts for the plaintiff's failure to follow the local procedures on proposed findings of fact). Therefore, in accordance with this court's summary judgment procedures, I have considered as undisputed any facts proposed by defendants that are supported properly and sufficiently by admissible evidence.

From defendants' proposed findings of fact, I find the following facts to be material

and undisputed unless otherwise noted.

UNDISPUTED FACTS

A. The Parties

Plaintiff Khaled Shabani is a Wisconsin resident and has worked as a stylist at Ruby's Salon on State Street in Madison. (Plaintiff alleged in his complaint that he owns Ruby's, but the parties have not proposed any findings of fact bearing on the ownership of the salon.) At all times relevant to this lawsuit, defendants were employees of defendant City of Madison: Michael Koval was the chief of police and Damion Figueroa, Kevin Costin and Hamp Johnson were police officers.

B. 2015 Injuries to Plaintiff's Daughter

Plaintiff has a minor child, R., with his ex-wife, Mafaz Naji. Naji is a registered nurse who works at a local hospital in Madison. She has always had primary physical custody of R. In early October 2015, when R. was about two and a half years old, she fell off a swing at a playground near Naji's home and sustained a small scrape and bruising to her upper right cheek and eye. Naji was with R. at the time of the fall and personally observed the injuries. Naji's training and experience as a nurse led her to believe that R. did not need any medical treatment for these injuries. About a week after this incident, Naji met plaintiff at a local restaurant so he could see R. Plaintiff asked what had happened to R.'s eye and Naji told him about the swing set accident at the playground. Plaintiff took multiple photographs

of the eye injury. Even though Naji explained how R. was injured, plaintiff kept saying that the injury was caused by a man on State Street, and Naji could not convince him otherwise. Naji has reviewed a document and photo that plaintiff filed on May 11, 2017, in a prior lawsuit. The bruising to R.'s right eye that is shown in the photo appeared to be the same injury that Naji saw R. sustain at the playground. According to Naji, R. did not sustain any other injuries to the eye.

### C. Plaintiff's December 22, 2017 Arrest

On December 22, 2017, defendant Figueroa was dispatched to West Wilson Street in Madison to make contact with a man who wanted to report that a stylist at Ruby's Salon had intentionally cut the man's ear during a haircut. Officers Baker and Liston (who is not a defendant) also responded. The complainant told Figueroa that while he was getting his haircut by a stylist named "Khaled," the stylist seemed agitated and in a hurry and told him to stop fidgeting. The complainant reported that the stylist (who was later identified as plaintiff) then held the complainant's head, grabbed and twisted his ear and intentionally cut his right ear with scissors. The complainant also told Figueroa that plaintiff shaved a line down the middle of his head with the "zero" attachment even though the complainant had asked for the "two" attachment several times. When the complainant became upset and was leaving the salon, plaintiff shouted "You wanted a zero right?" several times.

Figueroa observed dried blood on the complainant's right ear and the condition of his hair, which corroborated the complainant's account. After interviewing plaintiff about the

incident, Figueroa concluded that the complainant was credible. Plaintiff did not provide much information, telling Figueroa only that it was an accident and that he did not know why the complainant left. Figueroa arrested plaintiff at approximately 6:21 p.m., for the crimes of mayhem, Wis. Stat. § 940.21, and disorderly conduct, Wis. Stat. §947.01. Before leaving the scene, Figueroa spoke with another stylist at Ruby's who confirmed that plaintiff had used a zero attachment even though she had heard the client ask for a two attachment. This witness also said that plaintiff should not cut hair and that he "needs a mental health doctor."

D. March 23, 2018

On March 23, 2018, defendants Costin and Johnson were dispatched to the Naf Naf Grill on State Street in Madison because of a disturbance. When Costin arrived at 9:09 p.m., he made contact with plaintiff, who reported that someone had battered him. Costin asked plaintiff if he needed an ambulance, but plaintiff refused one. Costin obtained a description of the suspect and provided it to Johnson, who arrived on scene less than a minute later. Johnson searched the restaurant and the surrounding area but did not see anyone meeting the suspect's description. Johnson left about 10 minutes later.

Costin obtained a detailed statement from plaintiff about what happened, interviewed two staff members from the restaurant and arranged for an investigator from the Madison police department to photograph plaintiff's injuries. When Costin returned to the central district station, he reviewed city cameras from the 500 and 600 blocks of State Street to try

to locate either the suspect or plaintiff. However, Costin was unable to locate the assailant.

Neither Costin nor Johnson were was acting as an undercover cop when interacting with plaintiff. They did not witness or encourage anyone to hit or attack plaintiff and they did not hit or attack plaintiff themselves.

### E. Plaintiff's Previous Related Lawsuits

Prior to filing this lawsuit, plaintiff sued the Madison police department and several police officers (who are not defendants in this case) in W.D. Wis. Case No. 16-cv-471-bbc, which this court dismissed on September 5, 2017 for failure to state a claim upon which relief may be granted. In that lawsuit, plaintiff generally alleged intimidation, harassment, threats and violation of civil rights, including allegations that law enforcement personnel had beat his child, causing an eye injury. Plaintiff then filed a lawsuit against many of the same defendants in the Circuit Court for Dane County (case no. 17-CV-2990), which that court dismissed on January 12, 2018. In that lawsuit, plaintiff also generally alleged harassment, abuse of his child and violation of his civil rights, all by law enforcement. Plaintiff filed an appeal, which the Wisconsin Court of Appeals dismissed on December 11, 2018 in case no. 2018AP000317.

Plaintiff also sued three police officers (nondefendants) in the Circuit Court for Dane County case no. 18-CV-740, which Judge Rhonda Lanford dismissed on May 15, 2018. In that lawsuit, plaintiff made general allegations of defamation and false arrest regarding the December 22, 2017 incident. The Wisconsin Court of Appeals dismissed plaintiff's appeal

on October 17, 2018, in case no. 2018AP1948. Plaintiff filed a second lawsuit for false arrest in the Circuit Court for Dane County (case no. 18-CV-2469) against defendant Figueroa. The circuit court granted summary judgment in favor of Figueroa on April 26, 2019. Plaintiff did not file an appeal.

OPINION

A. Summary Judgment Standard

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Defendants are entitled to judgment as a matter of law if plaintiff "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. "As the 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial." Grant v. Trustees of Indiana University, 870 F.3d 562, 568 (7th Cir. 2017).

B. False Arrest

Plaintiff alleges that defendant Figueroa falsely arrested him in front of his salon on December 22, 2017. Defendants contend that this claim is barred by the doctrine of claim preclusion, which precludes a lawsuit "if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." Okoro v. Bohman, 164 F. 3d 1059, 1062 (7th Cir. 1999) (citing Wilson v. City of Chicago, 120 F.3d 681, 687 (7th Cir. 1997)); Andersen v. Chrysler Corp., 99 F.3d 846, 852-53 (7th Cir. 1996); Hermann v. Cencom Cable Associates, Inc., 999 F.2d 223, 226 (7th Cir. 1993); Restatement (Second) of Judgments § 24 (1982). A final judgment has preclusive effect if it is "on the merits," meaning that it resolves the dispute between the litigants. Okoro, 164 F. 3d at 1062.

It is undisputed that plaintiff filed two lawsuits in the Circuit Court for Dane County, alleging false arrest with respect to the incident that occurred on December 22, 2017. On April 26, 2019, in case no. 18-CV-2469, the circuit court granted summary judgment in favor of defendant Figueroa as to plaintiff's false arrest claim against him. Plaintiff did not appeal that judgment, and the time for appeal has passed, making the judgment final. Therefore, the judgment entered in Dane County case no. 18-CV-2469 is a final judgment on the merits that has preclusive effect, barring the same claim that plaintiff attempts to bring against Figueroa in this case.

Even if plaintiff's claim is not barred by claim preclusion, there is no evidence that defendant Figueroa acted unconstitutionally in arresting plaintiff on December 22, 2017.

To prevail on a Fourth Amendment claim for wrongful or false arrest, plaintiff must show there was no probable cause for his arrest. Williams v. Rodriguez, 509 F.3d 392, 398 (7th Cir. 2007); Mustafa v. City of Chicago, 442 F.3d 544, 547 (7th Cir. 2006) ("Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest[.]"). Probable cause exists if "at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Gonzalez v. City of Elgin, 578 F.3d 526, 537 (7th Cir. 2009) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). "[Probable cause] is a fluid concept that relies on the common-sense judgment of the officers based on the totality of the circumstances." United States v. Reed, 443 F.3d 600, 603 (7th Cir. 2006).

In this case, plaintiff was arrested for mayhem in violation of Wis. Stat. § 940.21 ("Whoever, with intent to disable or disfigure another, cuts or mutilates the . . . ear of another.") and disorderly conduct in violation of Wis. Stat. § 947.01 ("Whoever, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance."). It is undisputed that defendant Figueroa had received a report that plaintiff was agitated while cutting a customer's hair; that he intentionally grabbed, twisted and cut the customer's ear; shaved a line down the customer's head using a zero attachment even though the customer had requested a two attachment; and shouted after the customer

9

as he left the salon. Figueroa personally observed dried blood on the complainant and the condition of the complainant's hair. A witness also confirmed the complainant's version of the haircut. A reasonable jury would conclude from these facts that defendant Figueroa had probable cause to arrest plaintiff for mayhem and disorderly conduct. Therefore, Figueroa is entitled to summary judgment on the merits of plaintiff's false arrest claim.

### C. Failure to Intervene in Excessive Force

Plaintiff's allegations that defendants Costin and Johnson organized an attack on him by an undercover police officer, or at least failed to intervene to stop the attack, implicate his rights under the Fourth Amendment, which prevents police officers from using "unreasonable" force in light of the "facts and circumstances of the particular case." Kingsley v. Hendrickson, ___ U.S. ___, 135 S. Ct. 2466, 2473 (2015). Factors that may be relevant to this determination include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. Id. "A police officer can be liable for another officer's excessive force . . . if that officer had a realistic opportunity to intervene and stop the first officer's actions. A 'realistic opportunity' means a chance to warn the officer using excessive force to stop." Miller v. Gonzalez, 761 F.3d 822, 826 (7th Cir. 2014). See also Pullen v. House, 88 F. Supp. 3d 927, 944 (W.D. Wis. 2015) (citing same).

Plaintiff has failed to present any evidence to support his vague allegation that he was

attacked by an undercover officer on March 23, 2018. The undisputed facts show that defendants Costin and Johnson arrived at the Naf Naf Grill after the assault had occurred and the assailant had left the scene. It is also undisputed that Costin and Johnson were not acting undercover at the time of the incident, that they did not see anyone hit or attack plaintiff and that they did not organize or encourage anyone to attack plaintiff. Without more than mere speculation about his assailant being an undercover police officer, plaintiff cannot show that Costin and Johnson are in any way liable for the use of excessive force on plaintiff. Accordingly, defendants Costin and Johnson are entitled to summary judgment with respect to plaintiff's claims against them.

### D. First Amendment Retaliation

Plaintiff alleged in his complaint that defendants retaliated against him in the following ways because he filed several lawsuits against Madison police officers in the past:

- Defendant Figueroa falsely arrested plaintiff on December 22, 2017.

- Defendants Costin and Johnson organized an attack on plaintiff on March 22, 2018.

- Defendant Koval ordered or encouraged the other defendants to harass plaintiff in the above-described ways, and in 2015, he ordered unidentified officers to beat plaintiff's three-year old child, who suffered an eye injury.

To prevail on a First Amendment retaliation claim, plaintiff must prove three things: (1) he was engaging in activity protected by the Constitution; (2) defendants' conduct was sufficiently adverse to deter a person of "ordinary firmness" from engaging in the protected

11

activity in the future; and (3) defendants subjected plaintiff to adverse treatment because of plaintiff's constitutionally protected activity. Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012); Bridges v. Gilbert, 557 F.3d 541, 555-56 (7th Cir. 2009). To hold the City of Madison liable for the alleged retaliation, plaintiff must show that a city-wide policy, custom or widespread practice or an official with final policy-making authority caused the constitutional violation in question. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1971); Dixon v. County of Cook, 819 F.3d 343, 348 (7th Cir. 2016).

Although it is undisputed that plaintiff filed lawsuits against various police officers between 2016 and 2018, he has failed to present any evidence that defendant Figueroa falsely arrested him, that defendants Costin and Johnson organized an attack on him or that police officers beat his child. In fact, as explained above, there is no evidence that plaintiff suffered any adverse action at the hands of a City of Madison police officer. Accordingly, defendants City of Madison, Koval, Figueroa, Costin and Johnson are entitled to summary judgment with respect to plaintiff's First Amendment retaliation claims.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants City of Madison, Michael Koval, Damion Figueroa, Kevin Costin and Hamp Johnson, dkt. #27, is

GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 12th day of March, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge